UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILIO FUSCO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 16-30178-TSH |
| ) | |
| JEFF GRONDOLSKY, WARDEN, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

HILLMAN, J.                                                                                                                    December 28, 2016

I.   INTRODUCTION

Emilio Fusco, who is confined at FMC Devens brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges the execution of his 25-year sentence. He also seeks declaratory judgment under 28 U.S.C. §§ 2201–2202, concerning the alleged violation of his rights under the Extradition Treaty between the United States and Italy and the United States Constitution. For the reasons set forth below, the petition for writ of habeas corpus is denied and this action is dismissed.

II.   BACKGROUND

Following extradition from Italy and a jury trial, Emilio Fusco was convicted of a racketeering ["RICO"] conspiracy in violation of 18 U.S.C. §1962(d), an extortion conspiracy in violation of 18 U.S.C. §1951, and interstate travel in aid of racketeering in violation of 18 U.S.C. §1952. *United States v. Nigro, et al.*, 09-CR-1239-PKC-9 (S.D.N.Y. Oct. 11, 2012). Petitioner was sentenced to 300 months imprisonment. *Id.* Fusco's conviction and sentence were affirmed on direct appeal. *United States v. Fusco*, No. 12-4224-cr, 560 F. App'x 43 (2d Cir.), *cert. denied*, 135 S. Ct. 730, 190 L. Ed. 2d 443 (2014).

On October 31, 2016, Fusco filed the instant petition for writ of habeas corpus.  *See* Dkt. No. 1.  With his petition, Fusco filed nine (9) exhibits.  *Id.*  He paid the $5.00 filing fee.  *See* Dkt. No. 3.  In his petition, Fusco states that he "is not seeking the review of his Criminal Case."  *Id.* at p. 16.  Rather, he contends that the "execution" of his 25-year sentence violates both the extradition treaty and the United States Constitution.  *Id.*  Fusco seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

Fusco alleges that as early as 2000, he had been arrested for alleged participation in the "Genovese Crime Family."  *Id.* at p. 3.  In 2003, Fusco pled guilty in the District of Massachusetts to a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and a conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and was sentenced to 33 months imprisonment to be followed by three years of probation.  *United States v. Fusco*, 00-CR-30036-MAP (D. Mass. Sept. 25, 2003).  Fusco contends that the sentencing judge made a finding that "there is no evidence in the record of any violence by Mr. Fusco or any explicit threats of violence ever communicated to any victim."  *Id.* at p. 4.

After serving his sentence, Fusco travelled to Italy.  *Id.*   In 2010, a grand jury in the Southern District of New York returned an indictment charging Fusco with racketeering conspiracy.  *Id.*   The United States sought his extradition from Italy while Fusco was in Italy attending his sister's birthday party.  *Id.* at p. 5.

In the instant petition, Fusco contends that the United States, in seeking his extradition from Italy, agreed to afford Fusco the right to be found guilty pursuant to a standard of "beyond a reasonable doubt."  *Id.*  Fusco alleges that, after consulting with his Italian attorneys, he agreed to the extradition, in part, because the parties agreed that he would not be prosecuted under any standard other than the Sixth Amendment standard of beyond a reasonable doubt.  *Id.* at p. 11.  Fusco complains that after his extradition, he was denied bond, in part, because of the New York judge's predisposition as to Fusco's participation in the murders of Bruno and Westerman.  *Id.* at p. 7.

Although the presentence report recommended a term of 41 to 51 months incarceration, the sentencing judge in the Southern District of New York departed from the sentencing guidelines and imposed a 300 month sentence. *Id.* at p. 8. Fusco complains that the sentencing judge found, by a preponderance of the evidence, that Fusco participated in conspiracies to murder Adolfo Bruno and Gary Westerman despite the fact that he was acquitted by the jury of a substantive RICO charge finding that the Government had not proven Fusco's guilt with respect to the predicate acts of murder and conspiracy to murder Bruno and Westerman or extortion and conspiracy to extort. *See United States v. Fusco*, No. 12-4224-cr, 560 F. App'x 43, 45 (2d Cir. 2014).

III.   STANDARD OF REVIEW

The habeas provision found in 28 U.S.C. § 2241 "establishes a mechanism for a federal inmate who is "in custody" to challenge the execution of (rather than the imposition of) his or her sentence." *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015). As a general matter, a Section 2241 habeas petition "generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thornton v. Sabol*, 620 F.Supp.2d 203, 206 (D.Mass.2009) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original).

In contrast, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255. Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to exercise jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of an inmate's detention. *See United States v. Barrett*, 178 F.3d 34, 49 (1st Cir. 1999).

Section 2255(e) states that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained ... unless it ... appears that the remedy by motion [under § 2255] is *inadequate or ineffective to test the legality of his detention*. *Id.* (emphasis added). The First Circuit has stated that courts must scrutinize "imaginatively captioned petitions" to determine whether they are § 2255 motions in disguise. *Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) (noting that courts regularly re-characterize as § 2255 motions which seek relief from sentence but are captioned as something else).

IV.   WHETHER FUSCO CAN PROCEED PURSUANT TO SECTION 2241

In his petition, Fusco asserts that the instant challenge is to the execution of his sentence rather than its imposition. A prisoner may file a petition pursuant to Section 2241 if Section 2255 is inadequate or ineffective to challenge his detention, but Fusco's petition does not address the applicability of the savings clause to his petition. In fact, Fusco cannot because he has a Section 2255 motion pending in the sentencing court.[1] Although Fusco frames his challenge as one to the "execution" of his sentence, it is clear that he seeks to have his sentence modified. Fusco is attempting to circumvent the statutory framework established by Congress and he "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241." *United States v. Barrett*, 178 F.3d 34, 38 (1st Cir. 1999).

Fusco has not shown that this is an exceptional case in which the Section 2255 remedy is inadequate or ineffective. The instant petition raises similar claims to those currently pending before the sentencing court in his pending Section 2255 motion. The remedy afforded by Section 2255 motion

---

[1] A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Fusco has a pending Section 2255 motion in the district of his conviction. *See Fusco v. United States*, No. 15-cv-9354(PKC) (S.D.N.Y. Nov. 30, 2015). The Government filed an Opposition to Fusco's Section 2255 motion, and as recently as September 30, 2016, Fusco, through counsel, filed a Reply Memorandum of Law in Support. *Id.* In the pending Section 2255 motion, Fusco contends, among other things, that his prosecution and sentencing violated the extradition treaty.

cannot be deemed inadequate or ineffective while a Section 2255 motion remains pending in the sentencing court.  Thus, Fusco is unable to meet his burden of establishing that a Section 2255 motion is inadequate or ineffective.

Fusco's motion also contains a request for declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 regarding his rights under the Extradition Treaty.  The Declaratory Judgment Act provides that a court of the United States, "[i]n a case of actual controversy within its jurisdiction ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Declaratory Judgment Act affords a particular remedy; it is not an independent basis for jurisdiction, *see Touarsi v. Mueller*, 538 F. Supp. 2d 447, 448 (D. Mass. 2008) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)), and it "makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis."  *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995).

Fusco, through this Section 2241 action, is challenging the legality of his federal conviction, and such a challenge is properly brought pursuant to Section 2255.  He has already raised the issues concerning the Extradition Treaty on direct appeal and again in his pending Section 2255 motion. Because these claims concern the validity of Fusco's conviction, not the execution of his sentence, they are matters that should be addressed in Fusco's now-pending Section 2255 post-conviction proceeding. Accordingly, the instant Section 2241 petition lacks merit on its face and must be dismissed.

V.  CONCLUSION

Based on the foregoing, it is hereby Ordered that the petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241 is DENIED and this action is DISMISSED.

SO ORDERED.

       /s/ Timothy S. Hillman\_\_\_\_\_
UNITED STATES DISTRICT JUDGE